Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Grace W. Kang - State Bar No. 271260
    gkang@birdmarella.com
A. Howard Matz - State Bar No. 55892
    hmatz@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Nicholas Groombridge (*pro hac vice*)
    ngroombridge@paulweiss.com
Jenny C. Wu (*pro hac vice*)
    jcwu@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

David J. Ball, Jr. (*pro hac vice*)
    dball@paulweiss.com
J. Steven Baughman (*pro hac vice*)
    sbaughman@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

Attorneys for Defendant Twitter, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BLACKBERRY LIMITED, a Canadian corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TWITTER, INC., a Delaware corporation,<br><br>　　　　Defendant. | CASE NO. 2:19-cv-01444-GW (KSx)<br><br>**SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF THE COURT'S DETERMINATION OF PATENT-INELIGBILITY IN THE *FACEBOOK* CASE ON TWITTER'S PENDING MOTION TO DISMISS** |

# TABLE OF CONTENTS

Page

LEGAL STANDARD ............................................................................................... 1

ARGUMENT ........................................................................................................... 1

I.  Collateral Estoppel Precludes Further Litigation of the '351 and '929 Patents ... 1

II. Dependent Claim 10 of the '929 Patent Changes Nothing ................................... 3

III. BlackBerry Should Not Be Permitted to Amend its Complaint Again ................ 5

CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Altair Instruments, Inc. v. Kelley West Enters., LLC*,
 No. 15-cv-8115-R, 2016 WL 9137632 (C.D. Cal. May 26, 2016) ......................... 3

*Arduini v. Hart*,
 774 F.3d 622 (9th Cir. 2014) ........................................................................... 5

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*,
 713 F.3d 1377 (Fed. Cir. 2013) ....................................................................... 1

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
 402 U.S. 313 (1971) ......................................................................................... 3

*Dana Corp. v. NOK, Inc.*,
 882 F.2d 505 (Fed. Cir. 1989) ......................................................................... 5

*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*,
 70 F. Supp. 3d 808 (E.D. Tex. 2014) .............................................................. 3

*Elec. Power Grp., LLC v. Alstom S.A.*,
 830 F.3d 1350 (Fed. Cir. 2016) ....................................................................... 4

*Luben Indus., Inc. v. United States*,
 707 F.2d 1037 (9th Cir. 1983) ......................................................................... 2

*Mendenhall v. Barber-Greene Co.*,
 26 F.3d 1573 (Fed. Cir. 1994) ......................................................................... 1

*Montana v. United States*,
 440 U.S. 147 (1979) ......................................................................................... 1

*Nestle USA, Inc. v. Steuben Foods, Inc.*,
 884 F.3d 1350 (Fed. Cir. 2018) ....................................................................... 5

*Ohio Willow Wood Co. v. Alps S., LLC*,
 735 F.3d 1333 (Fed. Cir. 2013) .................................................................. 4, 5

*Oyeniran v. Holder*,
 672 F.3d 800 (9th Cir. 2012) ........................................................................... 1

# TABLE OF AUTHORITIES (CONTINUED)

**PAGE(S)**

**CASES**

*Paulo v. Holder*,
   669 F.3d 911 (9th Cir. 2011) ................................................................................ 1

*SAP Am., Inc. v. Investpic LLC*,
   898 F.3d 1161 (Fed. Cir. 2018) ............................................................................ 4

*UCP Int'l Co. v. Balsam Brands Inc.*,
   No. 16-cv-07255-WHO, 2017 WL 5068568
   (N.D. Cal. Nov. 3, 2017) ................................................................................. 2, 3

*XY, LLC v. Trans Ova Genetics, L.C.*,
   890 F.3d 1282 (Fed. Cir. 2018) ............................................................................ 5

Summary judgment of patent-ineligibility on the independent claims of the '351 and '929 Patents in *Facebook* will collaterally bar BlackBerry from pursuing any other outcome here. Accordingly, if Facebook and Snap's motion is granted, the causes of action as to the '351 and '929 Patents should be dismissed with prejudice.

## LEGAL STANDARD

Collateral estoppel serves to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). With respect to patent-ineligibility, "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under principles of collateral estoppel." *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994).

In patent cases, collateral estoppel is generally governed by regional circuit law. *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013). Under Ninth Circuit law, collateral estoppel applies when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [estoppel] is asserted was a party or in privity with a party at the first proceeding." *Paulo v. Holder,* 669 F.3d 911, 917 (9th Cir. 2011). Courts also consider whether the estopped party had a "full and fair opportunity to litigate the issue." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

## ARGUMENT

**I. Collateral Estoppel Precludes Further Litigation of the '351 and '929 Patents**

A judgment of patent-ineligibility as to U.S. Patent Nos. 8,296,351 (the "'351 Patent") and 8,676,929 (the "'929 Patent") will estop BlackBerry from asserting those patents here. It will have litigated, and lost, the issue.

***First***, the identity requirement is easily satisfied. The same two patents are in dispute: the '351 and '929 Patents. The same legal question is presented and central

to the summary judgment motion in *Facebook*: eligibility under 35 U.S.C. § 101.

***Second***, grant of summary judgment of patent-ineligibility of the '351 and '929 Patents in *Facebook* will meet the final judgment prong. For purposes of collateral estoppel, a "final judgment" can be any prior adjudication of an issue that is determined to be "sufficiently firm" to be accorded conclusive effect. *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983). In determining the firmness of a prior decision, courts consider factors such as (1) whether the decision was "avowedly tentative," (2) whether the parties were fully heard, (3) whether the decision was supported with a reasoned opinion, and (4) whether that decision is subject to appeal or was in fact reviewed on appeal. *Id.* The first three factors will undoubtedly support the firmness of the grant of summary judgment in *Facebook*. The fourth factor is not relevant. As *Luben* explains, that factor arises from the concern that the court rendering the prior decision could still revisit that decision and thus undercut the purpose of applying collateral estoppel to conserve judicial resources and promote judicial consistency. *See id*. But that is not a concern here because this Court is also rendering the *Facebook* decision. If Facebook and Snap's summary judgment motion is granted with respect to the '351 and '929 Patents, the Court's summary judgment ruling will be "sufficiently firm." In any event, the appealability of a judgment is but one factor and is outweighed by other factors supporting collateral estoppel here.

*UCP International Co. v. Balsam Brands Inc.*, which presents similar facts, is instructive. No. 16-cv-07255-WHO, 2017 WL 5068568, at *3-*4 (N.D. Cal. Nov. 3, 2017). In that case, Judge Orrick of the Northern District of California barred the patentee from relitigating claim construction based on his own prior claim construction order on the same patent in another case against a different accused infringer. *Id.* at *4. Citing *Luben*, Judge Orrick concluded that his prior claim construction was preclusive despite its interlocutory nature. Nothing in the prior claim construction denoted that it was "avowedly tentative"; a *Markman* hearing had

been conducted, affording the patentee the opportunity to "fully litigate the issues"; and his earlier decision was "supported by a reasoned opinion in a 22-page order," presumably indicating that he did not see a need to revisit that decision. *Id.* at *3-*4. Given that determination, Judge Orrick found "[t]hat the [prior claim construction] cannot now be appealed is not sufficient to counterbalance the factors that weigh in favor of collateral estoppel" and did not revisit his prior constructions. *Id; see Altair Instruments, Inc. v. Kelley West Enters., LLC*, No. 15-cv-8115-R, 2016 WL 9137632, at *2 (C.D. Cal. May 26, 2016) ("Merely settling a case prior to the conclusion of any potential appeal need not remove the preclusive effect of a decision.").

**Third**, BlackBerry, as the party against whom collateral estoppel is asserted here, is unquestionably also the same party in *Facebook*.

**Finally**, it is beyond doubt that BlackBerry has had full and fair opportunity to litigate the eligibility of the '351 and '929 Patents in *Facebook*. At the motion to dismiss stage, BlackBerry opposed dismissal under § 101. At the *Markman* stage, the Court resolved relevant claim construction disputes. At summary judgment, BlackBerry had yet another opportunity to litigate any and all § 101 issues. In short, BlackBerry was repeatedly heard on this precise issue.

The instant case is a straightforward application of collateral estoppel. As the Supreme Court has long made clear, intervening final decisions of patent invalidity can render moot any other pending decisions on the same patent-at-issue. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 350 (1971); *see, e.g.*, *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808 (E.D. Tex. 2014) (Federal Circuit Judge Bryson, sitting by designation, granting summary judgment of invalidity under § 101 based on collateral estoppel from § 101 determination in another case).

## II. Dependent Claim 10 of the '929 Patent Changes Nothing

Although Blackberry asserts dependent Claim 10 of the '929 Patent against Twitter (and not against Facebook or Snap), BlackBerry should be similarly estopped

from further proceeding on that basis.

*First,* collateral estoppel applies to issues, not claims, that were litigated. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (emphasis in original) (holding that under Federal Circuit precedent, "it is the identity of the *issues* that were litigated," not the specific patent claims, "that determines whether collateral estoppel should apply."). "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Id.* (finding collateral estoppel applied to the assertion of unadjudicated patent claims where the patentee offered no explanation showing any material difference with adjudicated patent claims).

As Twitter's motion explained, Claim 9 is exemplary of the ineligibility of all asserted claims of the '929 Patent. Dkt. No. 39-1 at 19-20. There is no material difference among Claims 1 and 9 (at issue in *Facebook* and here) and Claim 10 (at issue here). Claim 10, which depends from Claim 9, simply adds the limitation of transmitting an advertisement instead of content information with a meta tag if an advertisement is relevant to a triggering event. But substituting one type of information for another type of information to be transmitted does not confer eligibility. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) ("limit[ing information] to particular content . . . does not change its character as information"); *SAP Am., Inc. v. Investpic LLC,* 898 F.3d 1161, 1168 (Fed. Cir. 2018).

Notably, in opposition to Twitter's motion, BlackBerry argued at length that certain dependent claims supposedly conferred eligibility, but said nothing about Claim 10 of the '929 Patent. *See* Dkt. Nos. 40, 40-1. It is too late for BlackBerry to manufacture an issue on this point now.

*Second*, Claim 10 of the '929 Patent is independently invalid under 35 U.S.C. § 112, ¶ 4. The Court has already invalidated Claim 2 as "contrary to the requirements of § 112, ¶ 4," which BlackBerry fully and fairly litigated during the *Facebook* claim

construction proceedings. *Facebook*, Dkt. No. 157 at 17-19. Although this Court only specifically addressed Claim 2 in *Facebook*, Claim 10 does not present any material difference in patentability as it is merely directed to a server configured to run the method of Claim 2. Claims 2 and 10 "use slightly different language to describe substantially the same invention," but "the mere use of different words in these portions of the claims does not create a new issue of invalidity." *Ohio Willow Wood*, 735 F.3d at 1342-43; *see also Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350, 1352 (Fed. Cir. 2018). As above, all the elements of collateral estoppel are satisfied here, and BlackBerry cannot assert this claim against Twitter once judgment on the indefiniteness of Claim 2 is entered. *See Arduini v. Hart*, 774 F.3d 622, 627, 638 (9th Cir. 2014) (affirming dismissal based on issue preclusion where dispositive issue had been previously resolved against plaintiff); *Ohio Willow Wood*, 735 F.3d at 1343.

**III. BlackBerry Should Not Be Permitted to Amend its Complaint Again**

Any request for leave to amend to assert different claims of these patents should be denied. BlackBerry has already amended its complaint once in this case in the face of a § 101 motion to dismiss. Dkt. Nos. 17, 36. In that amendment, BlackBerry did not assert any other claims of the '351 or '929 Patents. *Compare* Dkt. Nos. 1, 36. If BlackBerry wished to provide factual allegations as to additional dependent claims, the time to do so was in its First Amended Complaint.

### CONCLUSION

Twitter respectfully submits that the Court should grant Twitter's motion as to the '351 and '929 Patents with prejudice. Collateral estoppel applies now. *See XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294-95 (Fed. Cir. 2018) (quoting *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 508 (Fed. Cir. 1989)) ("A remand for briefing is not a requirement to applying estoppel when there is no indication from the Patent Owner that 'it did not have a full and fair opportunity to litigate the validity' of its patent in the parallel case.").

| | |
|---|---|
| DATED:  September 10, 2019 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |

By:  <u>   */s/ Nicholas Groombridge*   </u>
      Nicholas Groombridge

1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Defendant Twitter, Inc.